**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE DIISOCYANATES ANTITRUST LITIGATION | MDL DOCKET NO. 2862 |

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO MOTION
FOR TRANSFER PURSUANT TO 28 U.S.C. SECTION 1407**

# INTRODUCTION

Defendants Bayer Corporation, Covestro LLC,[1] BASF Corporation, The Dow Chemical Company, Huntsman International LLC, Huntsman Corporation, Wanhua Chemical (America) Co., Ltd., Mitsui Chemicals America, Inc., and MCNS Polyurethanes USA Inc. ("Defendants"), respectfully submit this memorandum in support of consolidation and transfer of all related cases to the U.S. District Court for the Eastern District of Pennsylvania. Consolidation and transfer of all related cases to the Eastern District of Pennsylvania—a central location in this litigation— will promote just and efficient pretrial conduct and is convenient for the parties and witnesses. Additionally, the Eastern District of Pennsylvania has the resources to handle a complex multidistrict litigation.

In the alternative, Defendants respectfully submit that the Western District of Pennsylvania, which has more significant connections to this litigation than the other venues outside Pennsylvania where the related cases have been filed, would be a suitable destination.

# BACKGROUND

On June 28, 2018, plaintiffs began filing complaints alleging that Defendants conspired to raise prices for methylene diphenyl diisocyanate ("MDI") and toluene diisocyanate ("TDI"). Dkt. 1-4.[2] Utah Foam Products ("Utah Foam") filed the first complaint in the U.S. District Court for the Western District of Pennsylvania; Plaintiff Isaac Industries, Inc. filed in the U.S. District Court for the Eastern District of Michigan (filed July 3, 2018); C.U.E., Inc. filed in the U.S. District Court for the District of New Jersey (filed July 6, 2018); Emma Chemicals Co., Inc. filed

---

[1] Formerly known as Bayer MaterialScience LLC, also a named defendant.

[2] Defendants dispute all allegations of misconduct, but recite those allegations here to illustrate solely the need for consolidation in a centralized location that is convenient for all parties.

in the U.S. District Court for the Eastern District of Pennsylvania (filed July 16, 2018); Era Polymers Proprietary Ltd. filed in the U.S. District Court for the Eastern District of Michigan (filed July 30, 2018); and Elliot Company of Indianapolis, Inc. filed in the U.S. District Court for the Southern District of New York (filed July 31, 2018).[3]  These complaints all include similar factual allegations and legal claims.

On July 11, 2018, the Panel accepted for filing Utah Foam's motion to transfer the actions filed by Isaac Industries and by C.U.E. Inc. to the Western District of Pennsylvania for centralized pre-trial proceedings with its action pending in that district.  Dkt. 3.  Subsequently, Emma Chemicals filed its complaint in the Eastern District of Pennsylvania and a response to Utah Foam's motion, arguing that the Panel should consolidate the cases but centralize the proceedings in the Eastern District of Pennsylvania.  *See* Dkt. 7.  On August 1, 2018, C.U.E. Inc. filed a response arguing that the Panel should consolidate and centralize the cases in the District of New Jersey, Isaac Industries filed a response arguing that the Panel should consolidate and centralize the cases in the Eastern District of Michigan, and Era Polymers filed a response arguing that the Panel should consolidate and centralize the cases in the Eastern District of Michigan or, alternatively, the District of Kansas.  Dkt. 38, 39, 44.

In light of the pendency of this proceeding before the JPML and the approaching transfer, the parties have not filed pleadings or conducted discovery in the underlying cases.  In fact, complaints have been served on certain defendants only in *Utah Foam* in the Western District of Pennsylvania and *Isaac Industries* in the Eastern District of Michigan.  Appearances have been

---

[3]   The Eastern District of Michigan cases do not name any Mitsui, MCNS, or Lanxess entities as defendants.

filed for many defendants in those cases[4] and the parties have submitted or will be submitting agreed motions to stay those proceedings for a short time following the JPML's transfer of these matters.[5]

## ARGUMENT

**I.      CONSOLIDATION UNDER 28 U.S.C § 1407 IS PROPER**

This Panel may transfer civil actions "for coordinated or consolidated pretrial proceedings" when they "involv[e] one or more common questions of fact[,] are pending in different districts," and transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Defendants agree with Utah Foam, Emma Chemicals, C.U.E. Inc., Era Polymers, and Isaac Industries that consolidation is appropriate in this case.[6]

All six complaints filed to date involve similar factual allegations. All six complaints assert a cause of action under the Sherman Act and allege that substantially the same group of defendants conspired to fix MDI and TDI prices and that market structures and trade associations enabled this activity.[7] And all six complaints pursue claims only on behalf of direct purchasers. These substantial commonalities favor consolidation. *In re German Auto. Mfrs. Antitrust Litig.*, 278 F. Supp. 3d 1373, 1374 (J.P.M.L. 2017); *In re Fretted Musical Instruments Antitrust Litig.*, 657 F.Supp.2d 1379, 1381 (J.P.M.L. 2009).

---

[4]      *See Utah Foam v. Bayer AG et al*, 2:18-cv-858, Dkt. Nos. 19, 22, 24, 27, 31; *Isaac Industries, Inc. v. BASF Corporation et al*, 1:18-cv-12089, Dkt. Nos. 2, 5-8.

[5]      *See Utah Foam v. Bayer AG*, 2:18-cv-858, Dkt. No. 34.

[6]      At the time Defendants filed this memorandum in support of the Motion to Transfer, Utah Foam, Emma Chemicals, C.U.E. Inc., Era Polymers, and Isaac Industries had filed memoranda.

[7]      One complaint includes a different corporate family, Lanxess AG and Lanxess Corporation.

Consolidation would also promote efficiency both in the courts and among the parties, avoiding duplication and helping "prevent inconsistent or repetitive pretrial rulings." *In re HSBC Bank USA, N.A.*, 949 F. Supp. 2d 1358, 1359 (J.P.M.L. 2013); *In re Meridia Prods. Liab. Litig.*, 217 F. Supp. 2d 1377, 1378 (J.P.M.L. 2002). No responsive pleadings have been filed; no discovery requests have been served; and the parties have filed agreed motions for a stay in *Utah Foam* and *Isaac Industries* pending this Panel's decision. Consolidation will ensure that, moving forward, the transferee court and the parties have aligned schedules and outcomes. This is especially important here, where the nationwide putative class definitions overlap and the presence of competing class actions "amplifies the need to have a single judge oversee the [proceedings]." *In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 655 (J.P.M.L. 1981); *see In re: Aurora Dairy Corp. Organic Milk Mktg. & Sales Practices Litig.*, 536 F. Supp. 2d 1369, 1370 (U.S. Jud. Pan. Mult. Lit. 2008) (transferring because centralization would "prevent inconsistent pretrial rulings[, ]particularly with respect to the issue of class certification"). Additionally, consolidation would be particularly appropriate here because the nature of antitrust litigation—as well as the allegations regarding highly technical markets and industries—means that these cases will be complex. David F. Herr, MULTIDISTRICT LITIGATION MANUAL § 5:14 (2012) ("Antitrust actions present a category of actions that the Panel almost inevitably orders transferred if there are multiple actions pending in different districts."). In sum, consolidation would streamline and optimize these challenging, sophisticated proceedings.

II.   **THE PANEL SHOULD CENTRALIZE THIS MDL IN THE EASTERN DISTRICT OF PENNSYLVANIA**

The Panel weighs a variety of factors when determining where to centralize a multidistrict litigation, such as (i) which transferee court offers a central and convenient location in this particular litigation; (ii) the locations of party headquarters and discovery, and (iii) the

4

district's capacity to host the multidistrict litigation. Here, the relevant factors favor the Eastern District of Pennsylvania.[8]

### A. The Eastern District of Pennsylvania is Centrally and Conveniently Located in a Metropolitan Area

The Eastern District of Pennsylvania offers significant benefits as a central and convenient location. *In re CenturyLink Residential Customer Billing Disputes Litig.*, 280 F. Supp. 3d 1383, 1385 (U.S. Jud. Pan. Mult. Lit. 2017) (due to central location and accessibility, centralizing in Minnesota cases filed in Arizona, California, Colorado, Florida, Idaho, Minnesota, Nevada, Oregon, and Washington). Defendants operate manufacturing plants and conduct sales of MDI and TDI globally, but the Eastern District of Pennsylvania conveniently sits at the center of locations relevant to this litigation.

- One of the defendants—Wanhua Chemical (America) Co., Ltd.—has its headquarters in the Eastern District of Pennsylvania just outside Philadelphia.

- Philadelphia is accessible for in-state parties Covestro LLC, Lanxess Corporation, and C.U.E. Inc.

- Philadelphia is centrally located between the headquarters for Defendants Huntsman LLC (Texas), BASF Corporation (New Jersey), The Dow Chemical Company (Michigan), Mitsui Chemicals America, Inc. (New York), and MCNS Polyurethanes USA Inc. (Georgia).

- Philadelphia is also centrally located for the other domestic named Plaintiffs—who operate in Utah (Utah Foam), Florida (Isaac Industries), and Connecticut (Emma Chemicals)—as well as the US operations of Plaintiff Era Polymers[9] (Texas, Connecticut, and North Carolina).

---

[8] Additional factors that the Panel regularly considers but that are not relevant to this case include the location of a procedurally advanced case and agreement among the parties.

[9] Era Polymers is an Australian company with its principal place of business in Australia.

5

Philadelphia's international airport offers easy access to the Eastern District of Pennsylvania. Seven miles from downtown, Philadelphia's international airport operates nearly 500 departures per day to more than 130 worldwide destinations.[10] Philadelphia is also easily accessible by train. Given that Philadelphia is a central and highly convenient compromise for all parties, the Eastern District of Pennsylvania is the most convenient forum.

>    B.    **Significant Discovery Will Likely Occur In and Near the Eastern District of Pennsylvania.**

A significant amount of discovery will likely take place in or near the Eastern District of Pennsylvania because it encompasses or sits close to multiple parties in this litigation. As discussed *supra*, Wanhua Chemical (America) Co., Ltd. has its headquarters in the Eastern District of Pennsylvania. For this reason alone, the Eastern District of Pennsylvania will likely be a significant venue for any discovery and a natural place to centralize the proceedings. *In re Dealer Mgmt. Sys. Antitrust Litig.*, 291 F. Supp. 3d 1367 (U.S. Jud. Pan. Mult. Lit. 2018) (transferring actions to the Northern District of Illinois because it was a central, readily accessible venue for all parties and because one defendant was headquartered there, so relevant documents and witnesses would be found there). Additionally, three other parties—Covestro LLC, Lanxess Corporation, and C.U.E. Inc.—have their headquarters in Pennsylvania, BASF Corporation has its headquarters nearby in New Jersey, and Mitsui Chemicals America, Inc. is headquartered in nearby Rye Brook, New York. As a result, the Eastern District of Pennsylvania represents not only a geographically central location, but also a central location for discovery in this litigation.

---

[10]    *About Us*, PHILADELPHIA INTERNATIONAL AIRPORT, https://www.phl.org/Pages/AboutPHL/AboutPHLDefault.aspx.

### C.     The Eastern District of Pennsylvania is Well-Positioned To Steer This Particular Multidistrict Litigation.

This Panel considers a district's experience and ability to host multidistrict litigation. As this Panel has found before, the Eastern District of Pennsylvania has the resources and ability to host this complex multidistrict litigation. *In re Methyl Methacrylate (MMA) Antitrust Litig.*, 435 F. Supp. 2d 1345, 1347 (J.P.M.L. 2006) (transferring to the Eastern District of Pennsylvania because, in part, it "is well equipped with the resources that this complex antitrust docket is likely to require"). This is particularly important in this case given that the other districts with cases pending have substantial demands on their dockets. The Eastern District of Michigan presently has three pending MDLs—including the massive *Automotive Parts Antitrust Litigation* (2:12-md-02311 (E.D. Mich. Feb. 7, 2012)). The District of New Jersey has 14 pending MDLs. And the Western District of Pennsylvania has multiple District Judge vacancies. Accordingly, Defendants respectfully submit that, on balance, the Eastern District of Pennsylvania remains a strong destination for this multidistrict litigation.

Furthermore, the Eastern District of Pennsylvania is well-positioned to handle this antitrust litigation because *Emma Chemicals* has been assigned to Judge Gerald J. Pappert. Judge Pappert has significant experience with antitrust litigation, and he would effectively manage this complex MDL. *In re: Darvocet, Darvon & Propoxyphene Prod. Liab. Litig.*, 780 F. Supp. 2d 1379, 1381 (U.S. Jud. Pan. Mult. Lit. 2011) (centralizing MDL before judge with "extensive private civil litigation and judicial experience to organize this litigation for a prudent course").

### III.  IN THE ALTERNATIVE, THE PANEL SHOULD CENTRALIZE THESE ACTIONS IN THE WESTERN DISTRICT OF PENNSYLVANIA

The location of the first-filed complaint, the Western District of Pennsylvania, like the Eastern District, is a relatively central location for the parties.  Though less accessible than Philadelphia due to fewer and farther removed transportation options,[11] the Western District of Pennsylvania would be a venue for discovery in this litigation because Covestro LLC, Lanxess Corporation, C.U.E. Inc. have their headquarters in that district.  As discussed *supra*, we are mindful of the fact that the Western District of Pennsylvania presently has several vacancies for District Court seats.

### CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Panel transfer the actions to the Eastern District of Pennsylvania, or alternatively to the Western District of Pennsylvania, for pre-trial proceedings.

Dated:      August 1, 2018
            Washington DC

Respectfully submitted,

---

[11]  The Pittsburgh airport supports about 170 flights per day and is located only about 25 minutes from downtown Pittsburgh.  *Pittsburgh International Airport*, PLAN PITTSBURGH, https://www.visitpittsburgh.com/meetings-events/getting-here/pittsburgh-international-airport/.

_[signature]_
John Terzaken
Simpson Thacher & Bartlett LLP
900 G Street NW
Washington, DC 20001
Tel: (202) 636-5858
Fax: (202) 636-5000
John.terzaken@stblaw.com

*Attorney for Defendants Covestro LLC and Bayer Corporation*

_[signature] w/ permission_
Andrew S. Marovitz
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606
amarovitz@mayerbrown.com

*Attorney for Defendant BASF Corporation*

_[signature] w/ permission_
Alden L. Atkins
Vinson & Elkins LLP
2200 Pennsylvania Ave., NW
Suite 500 – West
Washington, DC 20037
aatkins@velaw.com

*Attorney for Defendant Wanhua Chemical (America) Co., Ltd.*

_[signature] w/ permission_
William Farmer
Farmer Brownstein Jaeger & Goldstein LLP
The Russ Building
235 Montgomery Street, Suite 835
San Francisco, CA 94104
wfarmer@fbj-law.com

*Attorney for Defendant Mitsui Chemicals America, Inc.*

_John Schmidtlein_ w/permission
John E. Schmidtlein
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
JSchmidtlein@wc.com

*Attorneys for Defendants Huntsman Corporation and Huntsman International LLC*

_David Bernick_ w/permission
David M. Bernick
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
dbernick@paulweiss.com

*Attorney for Defendant The Dow Chemical Company*

_Ryan Sandrock_ w/permission
Ryan Sandrock
Sidley Austin LLP
555 California Street Suite 2000
San Francisco, California 94104
rsandrock@sidley.com

*Attorneys for Defendant MCNS Polyurethanes USA Inc.*

10